**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| MID-AMERICA APARTMENT COMMUNITIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-02878-SHL-cgc |
| | ) | |
| LIBERTY INSURANCE UNDERWRITERS, INC., GREAT PRAIRIE RISK SOLUTIONS, INC., and LOCKTON INSURANCE UNDERWRITERS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND, AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS, PLAINTIFF'S UNOPPOSED MOTION TO STAY PLAINTIFF'S RESPONSE TO DEFENDANT LIBERTY INSURANCE UNDERWRITER'S MOTION TO DISMISS, AND PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY**

Before the Court are several motions, including Plaintiff Mid-America Apartment Communities, Inc.'s ("MAA") Motion for Leave to File First Amended Complaint. (ECF No. 25.) Defendant Liberty Insurance Underwriters, Inc. ("Liberty") responded on December 8, 2025. (ECF No. 27.) Granting MAA leave to amend would render moot three other pending motions: Liberty's Motion to Dismiss Plaintiff's original complaint (ECF No. 21), MAA's Unopposed Motion to Stay Plaintiff's Response to Liberty Insurance Underwriter's Inc.'s Rule 12 Motion to Dismiss (ECF No. 26), and MAA's Motion for Leave to File Reply (ECF No. 30). As described below, the Motion for Leave to File the Amended Complaint is **GRANTED**, and the remaining motions are **DENIED AS MOOT**.

**BACKGROUND**

This case involves a dispute over insurance coverage.  According to the original complaint, Liberty issued MAA a commercial excess/umbrella liability insurance policy which obligated Liberty to provide excess liability coverage for certain claims made against MAA. (ECF No. 1 at PageID 2.)  Around September 24, 2018, Robert Trentham, a resident at one of Plaintiff's properties in Williamson County, Tennessee, slipped and fell on a rain dampened footbridge, and filed a claim against MAA.  (Id. at PageID 3.)

MAA relayed the disputed claim to Defendant Great Prairie Risk Solutions, Inc. ("Great Prairie"), a third-party administrator with whom MAA had a claim services agreement.  (ECF No. 1-5.)  That agreement required Great Prairie to "[m]anage all claims submitted by [MAA]" while the policy was in effect.  (Id. at PageID 18.)  According to MAA, either it or Great Prairie reported Trentham's claim to Defendant Lockton Companies LLC ("Lockton"), which was MAA's insurance Broker of Record and which negotiated MAA's insurance application with Liberty.  (ECF No. 1 at PageID 3.)

MAA alleges that Great Prairie notified MAA's primary insurance carrier of the claim but failed to notify Liberty, even though it was contractually obligated to do so.  (Id.)  It further alleges that Lockton was obligated to inform Liberty of the claim, and failed to do so.  (Id. at PageID 4.)

Trentham won a $2,086,842.39 verdict in state court for his claim against MAA, which was upheld on appeal and which required MAA "to pay no less than $1,393,972.78, above and beyond the primary layer of insurance in the amount of $1,000,000.00."  (Id. at PageID 4–5.) Following the verdict, Liberty denied MAA's claim for coverage, first asserting that it had no knowledge of Trentham's claim, and that, when it finally was provided notice, that notice was

2

untimely.  (Id. at PageID 4–5.)  Based on Liberty's failure to provide coverage, MAA alleges that Liberty, Great Prairie, and Lockton breached their contracts with MAA, and asserts additional claims of negligence against Great Prairie and Lockton, and a bad faith claim against Liberty.  (Id. at PageID 6–9.)

In its motion to dismiss, Liberty argues that the claims against it are not sustainable, most fundamentally because MAA lacks standing to bring suit against it.  (See ECF No. 21-4.) Liberty asserts that the judgment in the underlying action was against Mid America Apartments, LP ("MALP"), not MAA, that MAA was not a party to the underlying suit, and that no legal relationship has been plead between MAA and MALP.  (ECF No. 21-4 at PageID 237–38.) Liberty also asserts that MAA's claims are untimely.  (See id. at PageID 239–48.)  Ultimately, Liberty argues that the motion to amend should be denied, because the amendment would be futile as to the claims against it for similar reasons.

MAA asserts that it should be allowed to amend to add Marsh USA LLC, an entity Lockton identified in its October 17, 2025 answer who may be comparatively at fault; to clarify its claims against Lockton, Great Prairie, and Liberty; and to address the issues raised in Liberty's Motion to Dismiss.  (ECF No. 25-1 at PageID 263.)  MAA asserts that amendment is appropriate under both the Federal Rules of Civil Procedure and the Tennessee Code.

## ANALYSIS

As applicable here, the Federal Rules of Civil Procedure provide that "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires."  Id.  Although leave is liberally granted, it "should not be granted if there is a demonstration of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

3

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Banks v. Ryan, No. 2:24-cv-2988-SHL-tmp, 2025 WL 2017879, at *3 (W.D. Tenn. July 18, 2025) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

At the same time, the Tennessee Code provides that

> In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against that person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging that person's fault . . .[,] [a]mend the complaint to add the person as a defendant pursuant to Tenn. R. Civ. P. 15 and cause process to be issued for that person[.]

Tenn. Code Ann. § 20-1-119(a)(1)(A).

The proposed amended complaint includes two causes of action against Liberty: breach of contract and bad faith for failure to pay under an insurance contract under Tennessee Code Ann. § 56-7-105. (See ECF No. 25-2 at PageID 277, 289–90.) Liberty contends that MAA's motion to amend should be denied based on procedure and substance. As to procedure, Liberty asserts that MAA failed to confer on the motion, which warrants denying it under Local Rule 7.1(a)(1)(B). As to substance, Liberty argues that amendment should not be allowed based on futility, as a statutory bad faith claim against Liberty would be time barred under Tennessee law and Liberty is precluded under Tennessee substantive law from assigning that claim. (ECF No. 27 at PageID 320–23.) Liberty additionally argues that the insurance policy at issue is also not assignable under the Tennessee Code and by the terms of the policy itself. (Id. at PageID 323–24.)

Liberty alternatively asserts that, if MAA's motion for leave to amend is granted, the Court should impose conditions on MAA to counteract the prejudice Liberty would face, including by striking the statutory bad faith cause of action from the proposed amended complaint, as well as MAA's request for attorneys' fees for this breach of contract action. (Id. at PageID 330.) Liberty also requests that it be awarded its attorneys' fees and costs associated with the filing of its earlier motion to dismiss and its response to the motion to amend, and "to impose a condition on MALP that it will be subject to the Court's jurisdiction for purposes of participation in pre-trial discovery, and trial[.]" (Id.)

For the reasons stated below, Liberty's arguments that amendment would be futile and subject it to prejudice, do not warrant denying the motion to amend.[1]

## I.    Amendment Would Not Be Futile

Liberty begins by arguing that the motion to amend should be denied based on the futility of the amendment. As a starting point, Liberty is not the only entity against whom additional allegations are made. In fact, the amended complaint adds Marsh USA LLC ("Marsh") as a party, which became necessary, according to Plaintiff, when Defendant Lockton's answer asserted that Marsh was comparatively at fault, and which is specifically contemplated under

---

[1] Liberty asserts that the "motion should be denied because there were no conferral efforts made at all with respect to Liberty." (ECF No. 27 at PageID 325.) But Liberty cites to Plaintiff's certificate of consultation, which indicates that "[o]n November 19[th] and 20th 2025, counsel for Plaintiff conferred via email with Defendants' counsel regarding the Plaintiff's Motion for Leave to File First Amended Complaint and the proposed Amended Complaint. As of 9:20 a.m. on Monday, November 24, 2025, Defense counsel has not responded regarding their position on this motion as of this filing." (ECF No. 25 at PageID 262.) Liberty does not detail how that consultation is insufficient. In their proposed reply to Liberty's response to the motion to amend, MAA acknowledges that Liberty's counsel was inadvertently left off the consultation emails, but nevertheless asserts that MAA's "counsel discussed the core issues on the Motion to Amend, along with a corresponding Motion to Stay Response to Liberty's Motion to Dismiss, with Liberty's counsel prior to and just after the filing." (ECF No. 31-1 at PageID 344.) Denying the motion for a failure to consult is unwarranted.

Tennessee Code Annotated § 20-1-119(a)(1)(A).  (ECF No. 25-1 at PageID 264.)  The additional allegations made against parties other than Liberty, and the addition of Marsh as a party, warrant allowing the amended complaint, at least as to those other Parties and the new allegations Plaintiff makes against them, and none of the other parties have contested the amendment.[2]

Liberty offers several arguments as to why amendment would be futile for the claims against it, beginning with the fact that the allegations are time-barred.  Specifically, Liberty asserts that Plaintiff's bad faith claim under Tennessee Code Ann. § 56-7-105 is untimely, given the one-year statute of limitations applicable to such statutory claims under Tennessee law.  See Tenn. Code Ann. § 28-3-104(a)(1)(C).

The Sixth Circuit has explained that, "[a]lthough it is generally inappropriate to deny a motion to amend on futility grounds because the claims within a complaint are time-barred, we have previously held that such a denial is permissible if the complaint affirmatively shows that the plaintiff's claims are barred by an applicable statute of limitations."  Clabo v. Johnson & Johnson Health Care Sys., Inc., 982 F.3d 989, 995 n.2 (6th Cir. 2020) (citing Cataldo v. U.S. Steel Corp., 676 F.3d 542, 547 n.2 (6th Cir. 2012)).  Although there is no dispute between the Parties that a one-year statute of limitations applies to Plaintiff's bad faith statutory claim against Liberty, they dispute when MAA's injury accrued.

 Liberty asserts that Plaintiff's bad faith cause of action accrued no later than September 26, 2022, the date Plaintiff alleges that Liberty denied coverage as to the underlying claim.  (ECF No. 27 at PageID 321.)  Plaintiff counters that accrual occurred "upon Liberty's April 29, 2025

---

[2] As Plaintiff points out, Tennessee law "provides a 90-day window, after a defendant first alleges comparative fault against a nonparty, for a plaintiff to amend to add that nonparty as a defendant."  (ECF No. 25-1 at PageID 265 (citing Tenn. Code Ann. § 20-1-119).)  Plaintiff moved to amend to add Marsh as a party within ninety days of Lockton identifying it as being comparatively at fault.

final denial of coverage after Plaintiff had suffered an injury by virtue of having paid a portion of the judgment on the Underlying Claim; and/or (ii) Liberty is equitably estopped or has waived any limitations defense by inducing delay through its post-demand reconsideration communications." (ECF No. 25-2 at PageID 280–81.)

In its argument related to the statute of limitations, Liberty's response to the motion to amend focuses largely on the allegations in the "current and operative Complaint," and contends that, in any event, the amended complaint offers nothing of substance that allows Plaintiff to "plead around the statutory penalty limitations." (ECF No. 27 at PageID 322.) However, this is not an instance where the "allegations in the complaint affirmatively show that the claim is time-barred." See Cataldo, 676 F.3d at 547. This is especially so because, even if the accrual date is not, as Plaintiff alleges in its amended complaint, April 29, 2025, the amended complaint also contains the allegation that, based on its actions, Liberty should be equitably estopped from asserting a statute-of-limitation defense or has waived that defense by inducing delay. (ECF No. 25-2 at PageID 280–81.) Ultimately, it is not clear on the face of the amended complaint that Plaintiff's statutory bad faith claim is time barred. Therefore, Liberty's argument that amendment would be futile based on the claim being time-barred is unpersuasive.

Liberty's argument that the statutory bad faith claim cannot be assigned under Tennessee substantive law, under Tennessee Code Annotated § 56-7-102(g), or pursuant to the terms of the insurance policy Liberty issued to Plaintiff, is equally unpersuasive. These arguments all rest to one degree or another on the premise that the original complaint was filed against Liberty by MAA, whereas the judgment in the underlying action was against MALP, not MAA, and MAA was not a party to the underlying suit.

Liberty's argument ignores multiple facts asserted in the pleadings and one simple one that is dispositive of all its arguments: the policy under which Plaintiff seeks coverage lists the named insureds as "Mid America Apartment Communities, Inc. Mid America Apartments, LP." (See ECF No. 25-2 at PageID 286.)  Furthermore, as alleged in the amended complaint, MAA, as the sole general partner of MALP, "is liable for all debts, obligations, and other liabilities of MALP."  (Id. at PageID 270.)  The damage, at least as it alleged in the proposed amended complaint, has accrued to both MAA and MALP, both of which appear to have been insured under the policy issued by Liberty.  So, whether, as Liberty has asserted, MALP's assignation to MAA all of its rights, title and interests in all claims against the defendants to Plaintiff was legally invalid, it is of no matter when it comes to analyzing the futility of the amended complaint.  If MAA were an unrelated third party which was not named in the underlying insurance policy that gives rise to this cause of action, Liberty's arguments about the invalidity of the assignment may be relevant.  But the facts as alleged do not support such a conclusion. Because they do not, and because Liberty's arguments regarding futility that are not based on a statute-of-limitations hinge on that argument, Liberty's opposition to the motion to amend on that basis is not well-taken.

## II.    Amendment Would Not Be Unduly Prejudicial to Liberty

Liberty's argument that it would be unduly prejudiced by the allowance of an amendment is equally unpersuasive.  Liberty first argues that it would undoubtedly face substantial costs if an amended complaint were allowed, as "Plaintiff MAAC has substantially amended the complaint asserting new allegations with additional details, events and facts that took place after the filing of the operative Complaint, and includes the same non-assignable and time-barred bad faith cause of action."  (ECF No. 27 at PageID 326–27.)  So, according to Liberty, if amendment

is allowed, it "will be forced to expend resources responding to the new allegations in the proposed First Amended Complaint, and then preparing a new Rule 12(b)(6) Motion to Dismiss to address the new and deficient allegations as to the assignment of claims and the assignment of the bad faith claim[.]"  (Id.)

Second, Liberty argues that, given the passage of time and the delay in it being notified, "[t]here are no guarantees" that it "will be able to defend this case on the merits if it does not have access to the evidence, persons, and rulings from the underlying lawsuit to defend against the prejudice to Liberty by MALP's refusal to notify Liberty of a claim or lawsuit resulting in a judgment, for years."  (Id. at PageID 328.)

Neither of these arguments is persuasive.  Liberty's first argument would go a long way toward rendering Federal Rule of Civil Procedure 15(a)(1)(B) a nullity.  That rule provides that amendment is allowed as a matter of course "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Although Plaintiff's motion to amend was filed one week outside of this twenty-one day window, every defendant whose motion to dismiss is greeted by an amended complaint would be unduly prejudiced by the need to file a second motion to dismiss under Liberty's argument.  But such is the cost of litigation.[3]

Relatedly, Liberty's argument that there are no guarantees that it will be able to defend itself in this lawsuit based on an inability to access materials from the underlying lawsuit is mere speculation, and therefore does not establish the sort of prejudice that would warrant denying the motion to amend.

---

[3] Of course, a defendant can, and Liberty does, argue that amendment would be futile, which, if successful, would preclude it from having to file a subsequent motion to dismiss.  As explained above, Liberty's arguments to that effect are unconvincing.

For many of the same reasons that Liberty has failed to demonstrate that it would be prejudiced by the Court's granting the motion to amend, the Court also denies Liberty's invitation to impose conditions on MAA in conjunction with allowing the amended complaint.

The Sixth Circuit has embraced the notion that, "[i]n the exercise of sound discretion, the granting of leave to amend can be conditioned in order to avoid prejudice to the opposing party." Loc. 783, Allied Indus. Workers of Am., AFL-CIO v. Gen. Elec. Co., 471 F.2d 751, 756 (6th Cir. 1973) (quoting Strickler v. Pfister Associated Growers, Inc., 319 F. 2d 788, 791 (6th Cir. 1963)).  Reasonable conditions may include "that the party amending bear a portion of the additional cost to the opposing party."  Id.

Here, however, Liberty has not identified the sort of prejudice that would warrant allowing the filing of an amended complaint only on the conditions it proposes.  So, the Court will not sua sponte strike MAA's statutory bad faith cause of action, as Liberty requests.  As detailed above, the statutory bad faith cause of action is sufficiently plead at this stage, which also calls for the rejection of Liberty's argument that MAA's request for attorneys' fees be denied based on the proposition that such fees are not recoverable for a breach of contract claim. The Court also finds it inappropriate to award Liberty its attorneys' fees for, essentially, engaging in the process of litigating this case.  Finally, the Court will not preemptively impose a condition on MALP that it will be subject to the Court's jurisdiction for purposes of participation in pre-trial discovery.  To the extent that Liberty is confronted by discovery issues or a lack of cooperation from MAA or MALP, the Court will address those issues at the appropriate time.

## CONCLUSION

For good cause shown, MAA's Motion for Leave to File the Amended Complaint is **GRANTED**.  Within five days of the entry of this Order, MAA shall separately file on the

docket Plaintiff's First Amended Complaint located at ECF No. 25-2.  The filing of Plaintiff's

First Amended Complaint renders Liberty Insurance's Motion to Dismiss moot, as it is well-

settled that an amended complaint supersedes the original complaint and renders the initial

pleading inoperative.  See Heyward v. Cleveland Clinic Found., 759 F.3d 601, 617 (6th Cir.

2014).  Accordingly, Liberty Insurance's Motion to Dismiss is **DENIED AS MOOT**.  Plaintiff's

Unopposed Motion to Stay Plaintiff's Response to Liberty Insurance Underwriter's Inc.'s Rule

12 Motion to Dismiss is also **DENIED AS MOOT**.  Finally, MAA's Motion for Leave to File a

Reply is **DENIED AS MOOT**.

 **IT IS SO ORDERED,** this 17th day of April, 2026.

<div style="margin-left:50%">

s/ Sheryl H. Lipman    
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

</div>